1

2                                                                                          O

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   **EDWARD HULES,**                    )        **NO. CV 15-943-JFW (MAN)**

12              **Petitioner,**           )

13        **v.**                          )        **ORDER DISMISSING PETITION WITH**
                                          )        **PREJUDICE AND DENYING CERTIFICATE**
14   **STATE OF CALIFORNIA,**             )        **OF APPEALABIILITY**
                                          )
15              **Respondent.**           )

16

17

18          On February 10, 2015, a 28 U.S.C. § 2254 habeas petition submitted by Petitioner was filed

19   in this Court ("Petition").  The Petition alleges that:  Petitioner was convicted and sentenced on

20   April 17, 2014, in Los Angeles Superior Court Case No. PA079571, pursuant to a *nolo contendere*

21   plea; he received a two-year sentence; and he has been released from incarceration but is on

22   parole.  Petitioner alleges that he appealed his conviction through an untimely filing submitted to

23   the trial court, which was rejected. (Petition at 2-3.) He alleges that, thereafter, he sought habeas

24   relief in the trial court, the California Court of Appeal, and the California Supreme Court, and he

25   raised his present two claims in each of those proceedings.  (Petition at 3-5.)

26

27          The Petition presents two claims.  In Ground One, Petitioner alleges that he was subjected

28   to an unreasonable search and seizure, because the police:  stopped his car without probable

1  cause; illegally detained him and searched his car without a warrant; and used stolen property
2  found in the car to charge and convict him.  (Petition at 5.)  In Ground Two, Petitioner alleges that
3  his counsel provided ineffective assistance, because counsel failed to file a motion to suppress the
4  evidence obtained as a result of this wrongful search and seizure.  (Petition at 5-6.)

5

6      Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes
7  judicial notice of, the electronic dockets for the California Court of Appeal and the California
8  Supreme Court.[1]  Those judicially-noticed records show that Petitioner filed:  a habeas petition in
9  the California Court of Appeal (Case No. B259806), which was denied summarily on November
10  19, 2014; and a petition for review in the California Supreme Court (Case No. S222810), which
11  was denied summarily on January 14, 2015.  Petitioner alleges that he raised Grounds One and
12  Two in these proceedings.  (Petition at 4.)  Given this allegation, and the denial of Petitioner's
13  claims on their merits,[2] the Court will assume that Grounds One and Two are exhausted.

14

15      The Petition does not name a proper Respondent.  As Petitioner is on parole, the
16  appropriate Respondent is Petitioner's parole officer.  *See* Advisory Committee Notes to Rule 2 of
17  the Rules Governing Section 2254 Cases; *see also*  Ortiz–Sandoval v. Gomez, 81 F.3d 891, 894
18  (9th Cir. 1996).  Although this is a defect that could be rectified with amendment, the Petition
19  suffers from two fundamental defects that, for the reasons discussed below, cannot be cured by
20  amendment.

21

22                    **GROUND ONE IS NOT COGNIZABLE**

23

24      Petitioner raises a Fourth Amendment claim through Ground One, *i.e.,* that he was
25  subjected to an unreasonable search and seizure, which led to his conviction.  This claim is not

26  _____

27      [1]      Available at http://appellatecases.courtinfo.ca.gov.

28      [2]      *See* Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011).

2

1  cognizable on federal habeas review.

2

3       In <u>Stone v. Powell</u>, 428 U.S. 465, 96 S. Ct. 3037 (1975), the Supreme Court held that
4  "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment
5  claim, a state prisoner may not be granted federal habeas corpus relief on the ground that
6  evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494,
7  96 S. Ct. at 3052.  Under <u>Stone</u>, "[a] Fourth Amendment claim is not cognizable in federal habeas
8  proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court."
9  <u>Ortiz-Sandoval</u>, 81 F.3d at 899; *see also* <u>Villafuerte v. Stewart</u>, 111 F.3d 616, 627 (9th Cir. 1997).

10

11      To receive federal habeas consideration of a claim that evidence should have been
12  suppressed, a petitioner bears the burden of demonstrating that the state courts did not provide
13  him with a full and fair hearing.  *See* <u>Woolery v. Arave</u>, 8 F.3d 1325, 1327-28 (9th Cir. 1993).  In
14  determining whether a habeas petitioner has had a full and fair opportunity to litigate his Fourth
15  Amendment claim in state court, "[t]he relevant inquiry is whether petitioner had the *opportunity*
16  to litigate his claim, not whether he did in fact do so or even whether the claim was correctly
17  decided." <u>Ortiz-Sandoval</u>, 81 F.3d at 899 (emphasis added); *see also* <u>Gordon v. Duran</u>, 895 F.2d
18  610, 613 (9th Cir. 1990) (as long as the petitioner "had an opportunity in state court for 'full and
19  fair litigation' of his fourth amendment claim," habeas relief is foreclosed on his claim that an
20  unconstitutional search and seizure occurred).  California provides criminal defendants with a full
21  and fair opportunity to litigate their Fourth Amendment claims through the motion to suppress
22  remedy provided by California Penal Code § 1538.5, which establishes a specific mechanism for
23  seeking the suppression of evidence on the ground that it was obtained through unconstitutional
24  means.  *See id.*; *see also* <u>Locks v. Summer</u>, 703 F.2d 403, 408 (9th Cir. 1983).

25

26      Petitioner alleges, in Ground Two, that his counsel failed to file a suppression motion.
27  However, Petitioner's claim that his trial counsel provided ineffective assistance by failing to file
28  a motion to suppress is distinct from petitioner's substantive Fourth Amendment claim raised

3

1   through Ground One.  *See* Kimmelman v. Morrison, 477 U.S. 365, 374-75, 106 S. Ct. 2574, 2582-

2   83 (1986).  For purposes of Petitioner's first claim, he had a full and fair opportunity to litigate any

3   Fourth Amendment claim in the state courts, because even if, as Petitioner claims, his counsel

4   declined to file a suppression motion, the Section 1538.5 remedy was available to Petitioner.   In

5   any event, Petitioner *did* raise his Fourth Amendment claim in the California Court of Appeal and

6   the California Supreme Court, and both state courts considered the claim and denied it on its

7   merits, which compels the conclusion that the Stone doctrine applies.  *See* Locks, 703 F.2d at 408

8   (when petitioner litigated a search and seizure issue in the trial court and the appellate court, and

9   also raised the issue before the California and United States Supreme Courts, petitioner received

10   a "full and fair consideration of his Fourth Amendment claim"); *see also* Terronova v. Kincheloe,

11   912 F.2d 1176, 1178-79 (9th Cir. 1990) (the "extent to which [Fourth Amendment] claims were

12   briefed before and considered by the state trial and appellate courts" is a consideration in

13   determining whether petitioner had the opportunity for full and fair litigation of those claims).

14   Under these circumstances, Petitioner's Fourth Amendment claim is barred in this federal habeas

15   proceeding even though it was not actually litigated at trial through a suppression motion;

16   whether or not Petitioner actually presented a Fourth Amendment challenge in the trial court is

17   inconsequential. *See* Ortiz–Sandoval, 81 F.3d at 899.

18

19       Pursuant to the Stone doctrine, Ground One of the Petition is not cognizable.  As a result,

20   Ground One is barred from federal habeas review and must be dismissed with prejudice.

21

22                        **GROUND TWO IS NOT COGNIZABLE**

23

24       Ground Two raises a Sixth Amendment challenge based upon counsel's failure to file a

25   suppression motion attacking the vehicle stop and search described earlier.  Ground Two is not

26   barred by the Stone doctrine, because its restriction on federal habeas review of Fourth

27   Amendment claims is inapplicable to Sixth Amendment claims. *See* Kimmelman, 477 U.S. at 374-

28   75, 106 S. Ct. at 2582-83.  Petitioner's second claim, however, is barred for a distinct reason.

The Supreme Court has made clear that when a defendant was convicted pursuant to a guilty plea and later seeks collateral relief based on asserted constitutional errors that occurred before that plea was entered, he is barred, with few exceptions, from obtaining such relief.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 762 (1989); *see also, e.g.,* Mitchell v. Superior Court, 632 F.2d 767, 769 (9th Cir. 1980) ("As a general rule, one who has voluntarily and intelligently pled guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations.").[3]

In Tollett v. Henderson, 411 U.S. 258, 93 S. Ct. 1602 (1973), the Supreme Court established, and explained the basis for, the bar on federal habeas claims based on pre-plea constitutional violations:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court

---

[3]     This rule is applicable to *nolo contendere* pleas as well, because "a plea of nolo contendere shall be considered the same as a plea of guilty and . . . upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." Cal. Penal Code § 1016; *see also* Ortberg v. Moody, 961 F.2d 135, 137–38 (9th Cir. 1992) (applying *Tollett* to no contest plea).

1    that he is in fact guilty of the offense with which he is charged, he may not
2    thereafter raise independent claims relating to the deprivation of constitutional
3    rights that occurred prior to the entry of the guilty plea.  He may only attack the
4    voluntary and intelligent nature of the plea by showing that the advice he received
5    from counsel was [inadequate].

7    *Id.* at 267, 93 S. Ct. at 1608.

9    Since Tollett, the Supreme Court has recognized that the bar on attacking pre-plea
10   constitutional errors does not apply when the pre-plea error is "jurisdictional," *i.e.*, it implicates
11   the government's power to prosecute the defendant.  United States v. Johnston, 199 F.3d 1015,
12   1019 n.3 (9th Cir. 1999).  For example, Tollett does not foreclose a claim that:   a defendant was
13   vindictively prosecuted, Blackledge v. Perry, 417 U.S. 21, 30-31, 94 S. Ct. 2098, 2103-04 (1974);
14   the indictment under which a defendant pled guilty placed him in double jeopardy, Menna v. New
15   York, 432 U.S. 61, 62, 96 S. Ct. 241, 242 (1975) (*per curiam*); or the statute under which the
16   defendant was indicted is unconstitutional or unconstitutionally vague on its face, United States
17   v. Garcia-Valenzuela, 232 F.3d 1003, 1006 (9th Cir. 2000).  Critically, however, the Supreme Court
18   "has subsequently limited the scope of these exceptions to include only those claims in which,
19   judged on the face of the indictment and the record, the charge in question is one which the state
20   may not constitutionally prosecute."  Johnston, 199 F.3d at 1019-20 n.3 (citing Broce, 488 U.S.
21   at 574-76, 109 S. Ct. at 765-66).

23   With respect to ineffective assistance of counsel claims based on pre-plea events, whether
24   or not such claims will be barred depends, as Tollett indicates (411 U.S. at 267, 93 S. Ct. at 1608),
25   on the relationship of the conduct challenged to the validity of the plea.  When the nature of the
26   ineffective assistance claim calls into question the voluntary and intelligent character of the plea,
27   the claim likely is not barred under Tollett.  However, when the nature of the ineffective
28   assistance claim does not raise any such question, the Tollett bar will apply.

6

1    Claims that counsel failed to seek the suppression of evidence fall into the latter category.

2    For example, in Moran v. Godinez, 57 F.3d 690, 699-700 (9th Cir. 1994), the Ninth Circuit found

3    that Tollett barred a claim that the petitioner's attorneys performed ineffectively, because they

4    failed to attempt to suppress his confession.  See also Delgado v. Felker, No. Cv 08-6832, 2009

5    WL 3448245, at *5 (C.D. Cal. Oct. 26, 2009) (holding that, because petitioner had pleaded no

6    contest, his claim that defense counsel provided ineffective assistance, by failing to move to

7    exclude a gang expert's testimony at the preliminary hearing and to present evidence to rebut

8    such testimony, was barred by the Tollett rule; by entering the plea, petitioner waived his right

9    to have claims related to his preliminary hearing considered on federal habeas review); Hardison

10   v. Newland, No. C984517, 2003 WL 23025432, at *15 (N.D. Cal. Dec. 17, 2003) (claim that

11   counsel was ineffective, because he failed to move to suppress a photo identification and results

12   of a voice line-up, was held to be an independent, pre-plea claim that was waived by petitioner's

13   guilty plea and barred by Tollett ); Robertson v. Carey, No. C 03-0533, 2003 WL 1872962, at *2

14   (N.D. Cal. April 9, 2003) (claim based on counsel's allegedly ineffective performance at a hearing

15   on a pre-plea motion to suppress was found to be barred by Tollett).[4]

16

17   Here, the alleged deficient performance by Petitioner's trial counsel was his failure to timely

18   file a motion to suppress the evidence obtained when Petitioner's car was searched.   While

19   Petitioner complains that his counsel performed deficiently by failing to file a motion to suppress,

20   Petitioner does not contend that the entry of a *nolo contendere* plea was related to counsel's

21

22

23   _____

     [4]     The Tollett rule also applies to bar habeas claims based on the argument that a
     petitioner's rights were violated by an unlawful search and seizure and/or that a motion to
24   suppress should have been granted.  See, e.g., Ortberg, 961 F.2d 135, 136-38 (9th Cir. 1992)
     (guilty plea barred habeas consideration of claim alleging an unlawful search); United States v.
25   Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990) (claim based on denial of suppression motion
     barred by guilty plea); Marrow v. United States, 772 F.2d 525, 527 (9th Cir. 1985)  (guilty plea
26   precluded consideration of claim addressed to legality of confession); Kittleson v. Mitchell, No. C
     03-4546, 2004 WL 287373, at *1 (N.D. Cal. Feb. 4, 2004) (claim that pre-plea motion to suppress
27   evidence should have been granted, because petitioner's arrest was unlawful under the Fourth
     Amendment, was barred under Tollett).
28

1  failure to file such a motion.  Indeed, Petitioner does not attack his plea at all, nor does he

2  contend that counsel performed ineffectively in connection with Petitioner's decision to enter a

3  *nolo contendere* plea.

4

5        Petitioner's ineffective assistance of counsel claim set forth in Ground Two does not attack

6  the knowing, voluntary, or intelligent nature of his plea, but instead relates to an earlier alleged

7  constitutional deprivation committed by his counsel.  Petitioner's claim also does not fall within the

8  limited scope of pre-plea jurisdictional defect cases in which <u>Tollett</u> has been held inapplicable.

9  Ground Two, thus, is barred by Petitioner's *nolo contendere* plea, no federal relief may issue, and

10  the claim must be dismissed with prejudice.

11

12                                  *   *   *   *   *

13

14        Accordingly, for the foregoing reasons, it is ORDERED that the Petition be DISMISSED

15  WITHOUT PREJUDICE.[5]  In addition, the Court concludes that a certificate of appealability is

16

---

17       [5]  On February 6, 2015, Petitioner filed a signed and dated an "Election Regarding

18  Consent To Proceed Before A United States Magistrate Judge." (*See* Docket No. 2.)  Petitioner

19  checked the box stating, "Yes, I voluntarily consent to have a United States Magistrate Judge

20  conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment."

21       "Upon the consent of the parties," a magistrate judge "may conduct any or all

22  proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."  28

23  U.S.C. § 636(c)(1).  Petitioner is the only "party" to the proceeding to date, and he has consented

24  to the jurisdiction of the undersigned United States Magistrate Judge.  Respondent has not yet been served with the Petition and, therefore, is not yet a party to this action. *See, e.g.,* <u>Travelers</u>

25  <u>Cas. & Sur. Co. of Am. v. Brenneke</u>, 551 F.3d 1132, 1135 (9th Cir. 2009) ("'A federal court is

26  without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'").  When, as here, the petitioner has consented to magistrate

27  judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a magistrate judge may properly exercise consent jurisdiction over the case pursuant to

28  Section 636(c)(1), including by ordering that dismissal of the action is warranted.  <u>Wilhelm v.</u> <u>Rotman</u>, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction

1  unwarranted in this case, because Petitioner has failed to make a substantial showing of the denial

2  of a constitutional right and, under the circumstances, jurists of reason would not disagree with

3  the Court's determination with respect to the issues of abstention and exhaustion.   Thus, a

4  certificate of appealability is DENIED.

5

6       LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8  DATED: March 9, 2015.

9
                       *Margaret A. Nagle*

10                        MARGARET A. NAGLE
                 UNITED STATES MAGISTRATE JUDGE

11

12

13

14
_____

15  to dismiss a prisoner's 42 U.S.C. § 1983 action, *sua sponte* and pursuant to 28 U.S.C. § 1915A

16  screening, when the prisoner checked the box on a consent form that read "The undersigned
hereby voluntarily consents to have a United States Magistrate Judge conduct all further

17  proceedings in this case," and no defendant had yet been served in the action).  *See also* Neals

18  v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the
defendants.  However, because they had not been served, they were not parties to this action at

19  the time the magistrate entered judgment.  Therefore, lack of written consent from the
defendants did not deprive the magistrate judge of jurisdiction in this matter."); Olivar v. Chavez,

20  No. 13-4112, 2013 WL 4509972, at *2 (C.D. Cal. Aug. 23, 2013) (finding that a magistrate judge
may dismiss a habeas petition with prejudice as untimely when the petitioner had consented to

21  have a magistrate judge conduct all proceedings in the case and respondent had not been

22  served); Brown v. Baca, No. CV 13-745, 2013 WL 502252, at *1 n.2 (C.D. Cal. Feb. 8, 2013)
(finding that a magistrate judge had jurisdiction to summarily dismiss a Section 2241 petition

23  brought by a pretrial detainee awaiting criminal trial before respondent filed an answer, because

24  the petitioner had consented to magistrate judge jurisdiction and respondent "ha[d] not yet been
served with the Petition and therefore [wa]s not a party to this proceeding"); Carter v. Valenzuela,

25  No. 12-5184, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (citing Wilhelm and finding that

26  the magistrate judge had the authority to deny a successive habeas petition when the petitioner
had consented and respondent had not yet been served with petition); Williams v. Ahlin, No. 11-

27  cv-00949, 2011 WL 1549306, at *6–*7 (E.D. Cal. April 21, 2011) (finding that the magistrate

28  judge had jurisdiction to dismiss a habeas action when the petitioner signed and filed a consent
form, and at the time of dismissal, the named respondent had not appeared in the action).